**Gregory STOCKER, et ux., Appellants,**

v.

**V. June SPARKS, et al., Respondents.**

No. 45020.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 7, 1983.

Michael Maynard, Flat River, for appellants.

William Reeves, Farmington, for respondents.

KAROHL, Judge.

This is an appeal from a judgment of August 19, 1981. The court entered formal judgment on that date dissolving a temporary restraining order previously entered on behalf of the plaintiffs, rendering judgment in favor of defendants "In the sum of $12,-000 as and for punitive damages; further damages resulting from plaintiffs' temporary restraining order to be determined upon the filing and determination of defendants' motion to assess damages on the injunction bond; costs of this action are assessed to plaintiffs; . . . ."

The legal file and transcript reveal a hearing on August 28, 1981 on Defendant's Motion to Assess Damages on Injunction Bond[1] wherein the court stated for the record "The court will therefore, assess damages in favor of the defendants, Eric C. Harris, Trustee, and V. June Sparks in the sum of $4,000 as against Gregory W. Stocker and Patricia L. Stocker, his wife, and the surety of [sic] the bond, St. Paul Marine & Fire Insurance Company, all pursuant to a formal order *to be* entered herein." (emphasis added)

The formal order goes only to the injunction bond, not to the assessment of actual

_____

1. This was a proceeding pursuant to § 526.200 and § 526.210 RSMo 1978.

damages on the counterclaim. The record fails to disclose that the trial court ever entered a judgment for actual damages. "We recognize the rule that actual or nominal damages must be recovered before punitive damages can be awarded." *Coonis v. Rogers,* 429 S.W.2d 709, 716 (Mo.1968).

Further, a motion for new trial was filed on September 1, 1981, argued and overruled on October 26, 1981, and a notice of appeal on the judgment of August 19, 1981 was filed in this court on November 3, 1981. Thereafter, on December 4, 1981 the parties appeared on "Motion to Assess Damages on Injunction Bond" which was taken up and evidence and argument presented and the cause taken under advisement.

The trial court never entered a final order or judgment assessing actual damages and purported to enter further orders after the notice of appeal had been filed. We find from the record that at the time the notice of appeal was filed herein, November 3, 1981, there was no final judgment disposing of all the issues before the trial court, Rule 74.01; § 512.020 RSMo 1978, and dismiss the appeal as premature.

CRANDALL, P.J., and CRIST, J., concur.